IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    vs.<br><br>CLEALON B. MANN; NANELL H. MANN; RONALD J. PASKETT; MARSHA M. PASKETT; CARDIFF ASSOCIATED PROPERTY OWNERS; SALT LAKE COUNTY, UTAH; UTAH STATE TAX COMMISSION; NORMA K. BROWN, AS CONSERVATOR FOR MORBA H. CLEMENT; NORMA K. BROWN, AS TRUSTEE FOR THE MORBA H. CLEMENT FAMILY TRUST<br><br>    Defendants. | MEMORANDUM DECISION<br><br>AND ORDER<br><br><br>Case No. 2:04-CV-00205-DB |

Before the Court are a variety of motions filed pro se by Defendants Clealon B. Mann and Nanell H. Mann. The two motions filed by Clealon B. Mann are styled "Motion to Block Attempted Extortion by IRS, Injunctive Relief, Rico Treble Damages For Violation of Constitutional Rights" ("Motion to Block I"), *see* Dkt. 88 (Mar. 24, 2009), and "Motion to Block Justice Departments Docket [69] Motion for Release of Funds, Granted by Magistrate Judge Brooke C. Wells, March 31, 2009 Minute Order" ("Motion to Block II"), *see* Dkt. 89 (Apr. 4,

1

2009). The two motions filed by Nanell H. Mann are styled "Appeal of Magistrate Judge Brooke C. Wells Denial of Motion to Set Aside Unlawful Taking by the Internal Revenue Service" ("Appeal Motion"), *see* Dkt. 97 (Apr. 9, 2009), and "Motion to Correct the Incorrect Division of Funds by the IRS in the Order Confirming the Sale and Distributing Proceeds Filed as Document 64 November 5, 2008 ("Motion to Correct"), *see* Dkt. 94 (Apr. 30, 2009). The government filed an opposition to each set of motions. After consideration of the briefs submitted by the parties, the Court enters the following Memorandum Decision and Order.

## I. Background

This case was brought by the United States to reduce to judgment joint federal income tax assessments against Clealon and Nanell Mann for tax year 1990, and for individual federal income tax assessments against Clealon Mann for tax years 1993, 1994, 1995, and 2000. *See* Complaint, Dkt. 1 (Feb. 27, 2004). The Complaint also sought the foreclosure of federal tax liens against a parcel of real property. *Id.* On November 21, 2007, the Court entered an order reducing all the assessments to judgment after the Manns failed to respond to a motion for summary judgment. *See* Order, Dkt. 49.

Upon further order of the Court, the real property was sold, and, on November 5, 2008, the Court entered an order confirming the sale of the real property at issue in this case and setting out a distribution schedule regarding the funds that had been realized from the sale. *See* Order, Dkt. 64. In her declaration, Property Appraisal and Liquidation Specialist Mary Snoddy represented that a total of $390,000 was generated and forwarded to the Court in association with the two public auctions that were necessary to successfully complete the sale of the property. *See*

Affidavit of Mary Snoddy, Dkt. 62 (Nov. 3, 2008). The Court's Order then directed the proceeds to be distributed in the following manner:

> First, to the IRS for advertising, locksmith, and window repair expenses, in the amount of $1,183.63;
> Second, to the Salt Lake County, Utah for real property taxes owing on the Cabin Property in the amount of $14,176.47, calculated through November 1, 2008, plus interest until paid in full;
> Third, to the United States for application to the unpaid federal income tax liabilities of defendants Clealon B. Mann and Nanell H. Mann, plus penalties and interest, for the 1990 tax year, in the amount of $76,413.39, calculated through November 1, 2008, plus interest until paid in full;
> Fourth, to defendant Nanell H. Mann, for her remaining half-interest in the proceeds from the sale of the Cabin Property, in the amount of $110,906.56;
> Fifth, to the United States for application to the unpaid federal income tax liabilities of defendant Clealon B. Mann, plus penalties and interest, for the 1993, 1994, 1995, and 2000 tax years, in the amount of $112,722.59, calculated through November 1, 2008, plus interest until paid in full;
> Sixth, to any other lienholder/creditor(s) of defendant Clealon B. Mann, until the proceeds of the sale are exhausted, or until the lien(s)/creditor claim(s) are satisfied in full; and
> Seventh, to defendant Clealon B. Mann, in the amount of any remaining residual proceeds.

Order, Dkt. 64, at 2.

On December 3, 2008, the IRS sent the Clerk of this Court a letter, providing the final amounts, including interest as of December 6, 2008, to be distributed. Letter from Steven P. Johnson, Trial Attorney for the Civil Trial Section, Western Region, to Michael Duncan, Financial Officer, Office of the Clerk of Court (Dec. 3, 2008). The letter stated that the amount owing to Salt Lake County had been increased $14,326.81; the amount owing to the United States for the Manns joint 1990 tax year liabilities had been increased to $76,827.66; and the amount owing to the United States for Clealon Mann's 1993, 1994, 1995, and 2000 tax year liabilities had been increased to $113,334.62.

Before the proceeds were dispersed, on December 12, 2008, the IRS served a Notice of Levy upon the Clerk of this Court in connection with unpaid federal income tax liabilities assessed against Nanell Mann for tax years 1993, 1994, and 1995. *See* Response to Motion to Set Aside, ex. A, Dkt. 76. These tax liabilities, which amounted to $42,083.50 and included interest and a late payment penalty through January 31, 2009, were not included in the Complaint filed by the United States in this case, and were not litigated before the Court in the instant case. The Clerk of Court complied with the Notice of Levy, and paid the IRS the levied funds from the $110,906.56 that was originally designated to be distributed to Nanell Mann under the Court's original order.

Shortly after the proceeds were distributed, Nanell Mann filed two motions, which, although styled differently, both challenged the IRS levy and requested the return of the levied funds. *See* Motion to Set Aside Unlawful Taking, Dkt. 71 (Dec. 19, 2008); Motion to Compel the IRS and their Employees to Furnish Documented Proof with the Tax Returns and all Pertinent Documents as to the Sandra Brown Letter of 12/12/2008, Dkt. 72 (Dec. 19, 2008). After several continuances, Nanell Mann filed another motion, styled "Motion for Contempt, Sanctions, Punitive Monetary Damages and Violation of My Constitutional Rights." Dkt. 84 (Mar. 10, 2009). At the time two other motions seeking additional payments from the real estate sale proceeds filed by the Utah State Tax Commission and the United States, respectively, were also pending before the Court. All of these motions were referred to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(A).

After holding a hearing on March 31, 2009, Magistrate Judge Wells ordered that

$9,688.67 of the remaining proceeds be released to the Utah State Tax Commission and that the balance of the remaining proceeds, plus any interest, be applied toward restitution owed by Clealon B. Mann in *United States v. Mann*, Case No. 2:02-CR-00741 (D.Utah, May 4, 2004). *See* Order, Dkt. 87 (Apr. 2, 2009). Shortly thereafter, on April 8, 2009, Magistrate Judge Wells also denied the motions filed by Nanell Mann which sought the return of the IRS levy. Order, Dkt. 91 (Apr. 8, 2009). Magistrate Judge Wells found that Nanell Mann's claims were barred by the doctrine of sovereign immunity because Mann failed to file an administrative claim seeking the return of the funds with the IRS prior to filing her motion in this Court. Finally, on April 22, 2009, Magistrate Judge Wells denied Nanell Mann's Motion for Contempt, again holding that she must "file a claim for refund before bringing a tax refund suit." Order, Dkt. 92 (Apr. 22, 2009).

Nanell and Clealon Mann subsequently filed the motions now pending before the Court. Clealon Mann's motions both relate to an apparently erroneous notice of adjustment recently sent to him by the IRS. *See* Motion to Block I & II, Dkt. 88 & 89. On or about March 21, 2009, Clealon Mann received the letter complained of in his motions. *See* Motion to Block I, ex. A, Dkt. 88. The letter notified Clealon Mann that some of the amount credited to his tax liabilities for tax year 2000 from the proceeds of the sale of the real property had been reversed. *Id.* The body of the letter states "if you've already paid your tax in full . . . please disregard this notice." *Id.* On March 24, 2009, Clealon Mann filed his first Motion to Block, requesting, in essence, that this Court enjoin any IRS office from communicating with him in any manner and concerning any matter. Mr. Mann also requested that the Court assess fines and penalties as punishment for

these letters. *Id.* at 2. In addition, he also requested that these fines and penalties be tripled pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, based on his characterization of the IRS notice as extortion. *Id.*

Upon receipt of this motion, counsel for the United States contacted IRS Technical Services Advisor Maureen Neal and asked her to investigate the statement received by Clealon Mann. Neal stated that the letter appeared to have been generated "due to an error inputting the payments received pursuant to the distribution of funds in this case." Declaration of Maureen Neal, ex. 1, ¶ 6, Dkt. 85. As noted above, Magistrate Judge Wells held a hearing on the referred motions on March 31, 2009. At the time of the hearing, Clealon Mann's recently filed first Motion to Block had not yet been referred. After Magistrate Judge Wells ordered that the excess funds be distributed to Clealon Mann's creditors, Clealon Mann filed the second motion requesting that this Court block the ordered distribution of funds until a hearing on his first motion is held. Motion to Block II, Dkt. 89. This second motion is based on the same, single letter from the IRS that was mistakenly sent to Clealon Mann.

Nanell Mann also filed two post-judgment motions. Nanell Mann's Appeal Motion again questions the propriety of the IRS tax levy of $42,083.50 that was taken from Nanell Mann's portion of the real estate proceeds prior to disbursement. The arguments contained in this motion are essentially identical to the ones made in the motions previously decided by Magistrate Judge Wells. Appeal Motion, at 2, Dkt. 96. Nanell Mann's Motion to Correct, however, raises a new issue regarding the manner in which the funds were divided pursuant to this Court's Order of November 5, 2008. Motion to Correct, at 2, Dkt. 94. In essence, the motion asserts that the Order

erroneously determined the value of Nanell Mann's remaining half-interest in the proceeds from the sale of the Cabin Property. The Court will address each defendant's pair of post-judgment motions in turn.

## II. Discussion

The United States, as a sovereign entity, may be sued only to the extent that it has consented to such suit by statute. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Price v. United States*, 7 F.3d 968 (10th Cir. 1993). Absent a waiver, sovereign immunity shields the United States and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). This shield extends to the IRS, and a waiver of sovereign immunity is required to sue the United States concerning IRS actions. *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999); *Beneficial Consumer Discount v. Poltonowicz*, 47 F.3d 91, 94 (3rd Cir. 1995); *McMillen v. United States Department of Treasury*, 960 F.2d 187, 188 (1st Cir. 1991).

Any waiver by the United States of its sovereign immunity cannot be implied, but must be "unequivocally expressed," and such waivers must be "construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Bowman v. United States*, 65 F.3d 856, 857 (10th Cir. 1995) ("Under the doctrine of sovereign immunity, the United States cannot be sued unless it consents to be sued, and such consent must be unequivocal.").

Where the United States has not consented to suit, dismissal of the claim for lack of subject matter jurisdiction is proper. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994); *Merrill, Lynch, Pierce, Fenner, & Smith, Inc. v. Jacks*, 960 F.2d 911 (10th Cir. 1992). A party who brings a

claim against the United States bears the burden of establishing that the sovereign immunity of the United States has been waived. *Lonsdale v. United States*, 919 F.2d 1440, 1441 (10th Cir. 1990).

### 1. Clealon Mann's Motions

Clealon Mann's motions seek an injunction preventing the IRS from communicating with him in any manner, and requests fines and penalties under RICO as well as other, unspecified statutes. As noted above, absent consent or waiver, sovereign immunity shields the United States from such suits. Futhermore, the Anti-Injunction Act prohibits most suits and claims within suits instituted to enjoin the assessment or collection of federal taxes. 26 U.S.C. § 7421, *see also Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 7 (1962) (recognizing that purpose of the Anti-Injunction Act is to "permit the United States to assess and collect taxes alleged to be due without judicial intervention"). Only a limited judicial exception to this statutory prohibition exists. *See Williams Packing*, 370 U.S. at 7. This exception is available only where the taxpayer can show both that (1) it is clear that under no circumstances could the United States ultimately prevail on the merits of the action, and (2) the requesting party would otherwise have no adequate remedy at law. *Id.* at 1; *Wyoming Trucking Ass'n v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996).

Clealon Mann cannot meet either of these requirements. First, he has not presented any evidence or legal authority to establish that he is entitled to the injunctive relief he requests from this Court. Indeed, it appears likely that the United States would ultimately prevail on the underlying merits of the action. Second, even if this Court were inclined to find that the United

States could under no circumstances prevail in this matter, injunctive relief would still not be appropriate in this case, as an adequate remedy at law exists: Clealon Mann is free to bring an action under 26 U.S.C. § 7433 if he can produce evidence of unauthorized collection actions by the United States. Clealon Mann's requests for injunctive relief against the United States are therefore prohibited by statute. This Court has no subject matter jurisdiction to grant the relief and the requests for injunctive relief contained in Clealon Mann's two motions. Accordingly, both of Clealon Mann's Motions to Block are DENIED.

**2. Nanell Mann's Motions**

Nanell Mann's motions seek the return of the funds levied by the IRS on December 12, 2008 and the correction of an apparent mathematical error in this Court's distribution schedule of November 5, 2008. As regards Nanell Mann's challenge of the levy, the United States has granted a limited waiver of sovereign immunity. *See* 26 U.S.C. § 7426(a)(1). However, under the clear language of the statute, a wrongful levy action may not be brought by "the person against whom is assessed the tax out of which such levy arose." *Id.* Numerous courts have rejected attempts by persons liable for the tax to maintain a wrongful levy action. *See Allied/Royal Banking L.P. v. United States,* 166 F.3d 1000 (9th Cir. 1999); *McCarty v. United States*, 929 F.2d 1085 (5th Cir. 1991); *Shannon v. United States*, 521 F.2d 56 (9th Cir. 1975), *cert. denied* 424 U.S. 965(1976); *Jones v. Bass,* 343 F. Supp. 2d 1066 (D. Wyo. 2004), aff'd 149 Fed.Appx. 764, 2005 U.S.App. LEXIS 19187 (10th Cir., Sept. 2, 2005), cert. denied, 547 U.S. 1019 (2006); *Caparaso v. C.I.R.*, 907 F.Supp. 1235 (N.D. Ind. 1995); *Matter of Coppola*, 810 F.Supp. 429 (E.D.N.Y. 1992); *United States v. Raytown Lawnmower Co.*, 763 F.Supp. 411 (W.D.Mo. 1991);

*Matter of Stoltz*, 745 F. Supp. 643 (D. Colo. 1990).

In her motion, Nanell Mann admits that the challenged levy concerns federal income tax assessments against her. The United States has not waived sovereign immunity for wrongful levy actions by such individuals. Accordingly, Nanell Mann's Appeal Motion seeking the return of the levied funds in DENIED. As Magistrate Judge Wells noted on multiple occasions, the proper remedy for Nanell Mann is to file a timely claim for refund.

Nanell Mann Motion to Correct challenges the correctness of the Distribution Order this Court issued on November 5, 2008. The Distribution Order states that Nanell Mann's remaining half-interest in the proceeds from the sale of the Cabin Property is $110,906.56. Order, at 2, Dkt. 64. However, based upon the updated numbers given to the Clerk of Court on December 3, 2008, Nanell's half-interest should have been $149,038.11.[1] Accordingly, once the IRS tax levy of $42,083.50 is subtracted, Nanell Mann should have been left with $106,954.61.

The lower amount of $110,906.56 that is listed in the Distribution Order appears to have resulted from mistakenly subtracting the third priority tax liability of $76,413.39 from the subtotal twice, and then dividing that lower amount by two. The Court can find no basis for doubly deducting this amount, either in the Order itself or the underlying documents provided by the IRS in this case. This Court has jurisdiction to correct errors in its own orders. *See Johnson v. Alexandria Scrap Corp.*, 445 F. Supp. 1171, 1173 (D.Md. 1977) ("A federal district court has jurisdiction in the same case or in a subsequent case to correct its own errors"). Accordingly, the Court GRANTS Nanell Mann's Motion to Correct the Incorrect Division of Funds and orders

---

[1] As noted above, the second priority amount due to Salt Lake County was increased to $14,326.81 and the third priority amount due to the United States was increased to $76,827.66.

that the Clerk re-disburse the proceeds of the sale from the Court's registry in the following manner:

First, to the IRS for advertising, locksmith, and window repair expenses, in the amount of $1,183.63;

Second, to Salt Lake County, Utah for real property taxes owing on the Cabin Property in the amount of $14,326.81;

Third, to the United States for application to the unpaid federal income tax liabilities of defendants Clealon B. Mann and Nanell H. Mann, plus penalties and interest, for the 1990 tax year, in the amount of $76,827.66;

Fourth, to defendant Nanell H. Mann, for her remaining half-interest in the proceeds from the sale of the Cabin Property ($149,038.11), less the IRS tax levy ($42,083.50), in the amount of $106,954.61;

Fifth, to the United States for application to the unpaid federal income tax liabilities of defendant Clealon B. Mann, plus penalties and interest, for the 1993, 1994, 1995, and 2000 tax years, in the amount of $113,334.62;

Sixth, to the Utah State Tax Commission, in the amount of $9,688.67;

Seventh, that the balance of the remaining proceeds, plus any interest, be applied toward restitution owed by Clealon B. Mann in *United States v. Mann*, Case No. 2:02-CR-00741 (D.Utah, May 4, 2004). *See* Order, Dkt. 87 (Apr. 2, 2009).

IT IS SO ORDERED.

Dated this 16th day of July, 2009.

_Dee Benson_

Dee Benson
United States District Judge